IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TAYLOR PARKER

CASE NO.: 1:10-CV-00146

      Plaintiff

vs

THE CITY OF GAINESVILLE, FLORIDA
a municipal corporation,
and OFFICER DAVID REVEILLE,
in his individual capacity,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

      The Plaintiff, TAYLOR PARKER, ("Plaintiff") by and through her undersigned

counsel, sues Defendants, CITY OF GAINESVILLE, and OFFICER DAVID

REVEILLE of the Gainesville Police Department, and states:

### CAUSE OF ACTION

      1.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth

and Fourteenth Amendments to the United States Constitution, § 768.28 of the Florida

Statutes and for violation of the State of Florida Constitution, Article I, §§ 2, 9 and 12.

-1-

JURISDICTIONAL VENUE

2.      This court has jurisdiction of this action under 42 U.S.C. § 1983 and its

pendent jurisdiction for State law claims.

3.      This is an action for damages in excess of $75,000, exclusive of interest,

costs and attorney's fees.

4.      All actions took place within the Northern District of Florida and venue is

proper within the Northern District of Florida.

PARTIES

5.      At all times material to this Complaint, TAYLOR PARKER was a

resident of Alachua County, State of Florida, and the United States of America,

6.      At all times referenced herein, Officer DAVID REVEILLE was employed

as a police officer by the police department of Gainesville, Florida.

7.      At all times material, the CITY OF GAINESVILLE was a municipal

corporation under the laws of the State of Florida and the United States of America.

8.      At the time of this incident complained herein, Norman Botsford was the

Police Chief for the City of Gainesville and he is succeeded in interest by Tony Jones as

Chief of Police.  As such he was responsible for making policy for the police department

and ensuring the officers under his command, including Officer REVEILLE received

appropriate training, supervision, and conducted themselves properly.

9.      The Plaintiff sues OFFICER REVEILLE in his individual capacity.

10.     At all times referenced herein, the Defendants were acting under the color of the law, statute, ordinances, regulations, policies, customs, and usages of the United States of America, State of Florida, and the City of Gainesville, Florida.

GENERAL ALLEGATIONS

11.     On September 13, 2007, the Plaintiff was arrested at her home on the charge of driving while license suspended with knowledge and resisting arrest without violence.

12.     A full, fair and complete investigation shows that the Plaintiff did not commit a crime and should not have been arrested.

13.     On the day OFFICER REVEILLE arrested Plaintiff, he claimed to be responding to a noise complaint at her house.  Plaintiff was not home and OFFICER REVEILLE demanded that the occupants call Plaintiff and summon her to the house. When Plaintiff was contacted by phone, she returned to the house in her vehicle, with friends.  Plaintiff was in the front passenger seat.

14.     Defendant OFFICER REVEILLE threatened to arrest several of the people at the house by saying "do you want to go to jail."

15.     Defendant OFFICER REVEILLE forced Plaintiff to perform field sobriety exercises, though there was no allegation that she was intoxicated and there was affirmative proof that she was not driving.

16.     An in-car video of this date from OFFICER REVEILLE's police car documented this incident, would have exonerated Plaintiff, and documented OFFICER REVEILLE's misconduct.

17.     This video would clearly show that the Plaintiff was not driving a vehicle at any time prior to being arrested by OFFICER REVEILLE for driving while license suspended.

18.     GAINESVILLE POLICE DEPARTMENT has a flawed policy for maintaining video evidence such that this video was mishandled and destroyed prior to trial.

19.     Despite the Plaintiff being innocent of any criminal activities, OFFICER REVEILLE arrested Plaintiff and took her to jail.

20.     No probable cause existed for OFFICER REVEILLE to arrest Plaintiff.

21.     No arguable probable cause existed for OFFICER REVEILLE to arrest Plaintiff.

22.     OFFICER REVEILLE has had multiple allegations of prior misconduct as an officer with GAINESVILLE POLICE DEPARTMENT which put the department on notice of his aberrant and unlawful behavior.

23.     Complaints to GAINESVILLE POLICE DEPARTMENT regarding OFFICER REVEILLE were not properly investigated, in part because the Internal Affairs division of the department was marginalized in the command structure and had its own internal problems regarding unprofessional conduct.

24.     Under the tenure of former police chief Norman Botsford there existed a lack of leadership and discipline at GAINESVILLE POLICE DEPARTMENT which caused and contributed to a system that facilitated police abuse.

25.     Under the tenure of former police chief Norman Botsford there existed an institutional lack of training at GAINESVILLE POLICE DEPARTMENT that created an atmosphere which facilitated police abuse and unprofessional conduct.

26.     Unprofessional conduct was not properly documented, investigated, or reviewed by GAINESVILLE POLICE DEPARTMENT due to their supervisory structure which disassociated supervisors from patrol officers.

27.     GAINESVILLE POLICE DEPARTMENT has a willfully indifferent policy that limits investigations for repeat discipline of officers to violations they have committed within two years and only for the same type of conduct.

28.     GAINESVILLE POLICE DEPARTMENT administered discipline unequally and unfairly, creating an environment where officers do not take rules and regulations seriously.

COUNT I

VIOLATION OF CIVIL RIGHTS BY OFFICER REVEILLE

29.     The Plaintiff incorporates paragraph 1 through 28 above as if fully set forth herein.

30.     The actions of OFFICER REVEILLE were taken with deliberate indifference to Plaintiff's rights and freedom in violation of the 4th and 14th Amendments to the United States Constitution.

31.     As a direct and proximate result of the false arrest and imprisonment of the  Plaintiff, without probable cause, committed by Defendant OFFICER REVEILLE under the color of law and under his authority as an Officer for the Gainesville Police Department, the Plaintiff suffered grievous bodily harm, was deprived of her freedom and deprived of her right to be secure in her person against unreasonable seizures of her person in violation of the Fourth and Fourteenth Amendments of the Constitution of the Untied States.

32.     Plaintiff hired an attorney to defend her in her prosecution in state court and incurred costs in said defense.

33.     As a direct and proximate result of the outrageous conduct of Defendant OFFICER REVEILLE as set forth above, the Plaintiff suffered economic injuries, pain and suffering, embarrassment, humiliation, and loss of the capacity for the enjoyment of life.

WHEREFORE, Plaintiff, TAYLOR PARKER, respectfully requests judgment for compensatory damages, punitive damages, cost of suit including the Plaintiff's attorneys' fees and for other such relief as the Court deems proper.

COUNT II

<u>VIOLATION OF CIVIL RIGHTS AS TO GAINESVILLE POLICE DEPARTMENT</u>

34.     The Plaintiff incorporates paragraph 1 through 28 above as if fully set forth herein.

35.     As a direct and proximate result of the failure of the GAINESVILLE POLICE DEPARTMENT, by and through Chief Norman Botsford, to institute policies, training and procedures to ensure against the unlawful arrest of innocent persons, and abuse of authority, GAINESVILLE POLICE DEPARTMENT caused or contributed to the false arrest of the Plaintiff under the color of law and under its authority as a municipality in and for the City of Gainesville, Florida.

36.     GAINESVILLE POLICE DEPARTMENT failed to supervise OFFICER REVEILLE such that they allows him to commit crimes on duty as a police officer.

37.     GAINESVILLE POLICE DEPARTMENT failed to fairly or adequately investigate the numerous complaints against OFFICER REVEILLE prior to Plaintiff's arrest.

38.     After this incident occurred, the GAINESVILLE POLICE DEPARTMENT failed to conduct any competent investigation, failed to order remedial training, failed to discipline, reprimand or take any corrective action and, therefore, condoned and ratified the unlawful and outrageous actions of OFFICER REVEILLE.

39. The GAINESVILLE POLICE DEPARTMENT acted with deliberate indifference in training, supervising, investigating misconduct, and discipline of police

officers in the GAINESVILLE POLICE DEPARTMENT, including OFFICER
REVEILLE.

40.     The Plaintiff has suffered grievous bodily harm and was deprived of her
right to be secure in her person and against unreasonable seizure of her person in
violation of the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff, TAYLOR PARKER, respectfully requests judgment for
compensatory damages, cost of suit including the Plaintiff's attorneys' fees and for other
such relief as the Court deems proper.

COUNT III

STATE LAW CLAIM FOR FALSE ARREST
AND FALSE IMPRISONMENT AGAINST GAINESVILLE POLICE DEPARTMENT

41.     The Plaintiff incorporates paragraph 1 through 28 above as if fully set
forth herein.

42.     The Plaintiff was falsely arrested without probable cause or arguable
probable cause.

43.     The above-referenced false arrest caused by OFFICER REVEILLE
against Plaintiff occurred while acting in the course and scope of his employment as an
Officer for the Gainesville Police Department.

44.     Prior to the arrest, OFFICER REVEILLE of the Gainesville Police
Department engaged in a pattern of behavior that made it reasonably foreseeable that

OFFICER REVEILLE would commit illegal acts by abusing his position of authority up to and including arresting innocent persons.

45.     Competent supervision and record keeping would have prevented OFFICER REVEILLE'S illegal acts and caused evidence of such illegal acts to be preserved.

46.     As a direct and proximate result of the false arrest, the Plaintiff has suffered economic losses, pain and suffering, humiliation, and these damages will continue into the future.

WHEREFORE, Plaintiff, TAYLOR PARKER, respectfully requests judgment for compensatory damages, cost of suit including the Plaintiff's attorney's fees in this case and for other such relief as the Court deems proper.

Dated this 27th day of July, 2010.

Respectfully Submitted,

LAW OFFICE OF RUSH & GLASSMAN


 /s/   *ROBERT A. RUSH*
Robert A. Rush
Florida Bar No.: 0559512
Rush & Glassman
11 S.E. Second Avenue
Gainesville, FL 32601
Tel:  (352) 373-7566
Fax:  (352) 376-7760
Attorney for Plaintiff

-9-