IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISON

TAYLOR PARKER,

        CASE NO.:  1:10-cv-00146 SPM

    Plaintiff,

vs.

THE CITY OF GAINESVILLE, FLORIDA,
A municipal corporation, and OFFICER
DAVID REVEILLE, in his individual capacity,

    Defendant.
_____/

**MOTION FOR SUMMARY JUDGMENT**
**OF THE DEFENDANT DAVID REVEILLE**
**AND MEMORANDUM OF LAW**

    COMES NOW the Defendant, David Reveille, in his individual capacity, by and through his undersigned attorneys, pursuant to Federal Rule of Civil Procedure 56 and Northern District of Florida Local Rule 56.1, and moves this Honorable Court for an order of summary judgment in his favor on the claims filed against him by the Plaintiff, Taylor Parker, and says:

    1.    On July 27, 2010, the Plaintiff, Taylor Parker ("Parker") filed her Complaint and Demand for Jury Trial, to which the Defendant, David Reveille ("Officer Reveille") filed an Answer and Affirmative Defenses on September 21, 2010. (Doc. 2; Doc. 22.) The Complaint, pursuant to 42 U.S.C. § 1983, alleged claims against Officer Reveille for false arrest and false imprisonment on the date of her arrest, September 13, 2007, in violation of her Fourth and Fourteenth Amendment rights. (Doc. 2, ¶¶ 29-33.)

1

2. Several depositions have been taken in the case, including the Plaintiff's, and a mediation is scheduled for February 28, 2011. (Doc. 35.)  As ordered by the Court, the discovery cutoff was February 11, 2011, and trial is set on the June 6, 2011, docket. (Doc. 31.)

3. Attached as Exhibit 1 is a Statement of Material Facts in support of this motion, which is incorporated herein. Also attached are additional exhibits incorporated herein, including:

Exhibit 2: The September 13, 2007, Arrest Affidavit of the Defendant, David Reveille, prepared in the regular course of business pursuant to his employment on that date by the Gainesville Police Department;

Exhibit 3: The February 23, 2011, affidavit of David Reveille;

Exhibit 4: Excerpts from the November 23, 2010, deposition of the Plaintiff, Taylor Parker.

4. Officer Reveille was acting under color of law as an officer of the Gainesville Police Department and within his discretionary authority when he arrested Parker and is entitled to qualified immunity. As discussed more fully in the following Memorandum of Law, he had probable cause or arguable probable cause for the arrest, so did not violate her Fourth or Fourteenth Amendment rights, as alleged in the Complaint.

THEREFORE, Officer Reveille requests a summary judgment in his favor on the § 1983 claims made against him by the Plaintiff, Taylor Parker.

**MEMORANDUM OF LAW**

**I.  SUMMARY JUDGMENT**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P. (2010).  In making this determination, the court must view the evidence in the light most favorable to the non-moving party. Samples on behalf of Samples v. Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). The initial burden of establishing the absence of a genuine issue of material fact rests on the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Once the moving party meets the initial burden, the non-moving party "bears the burden of coming forward with sufficient evidence of every element that he or she must prove." Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). In order to meet this burden, the non-moving party "must go beyond the pleadings" and establish "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

The applicable substantive law determines which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A material fact is one which "might affect the outcome of the suit under the governing law…" Id. A mere scintilla of evidence in support of the non-movant's position does not create a jury question; there must be evidence on which a jury could reasonably find for that party.  Id., 477 U.S. at 252, 106 S. Ct. at 2512.  Irrelevant or unnecessary factual disputes will not be counted. Id., 477 U.S. at 248, 106 S. Ct. at 2510. The mere existence

of an alleged factual dispute between the parties will not defeat a properly supported motion for summary judgment; there must be a genuine issue of a material fact. Id., 477 U.S. at 247-48, 106 S. Ct. at 2510 (emphasis in original).

## II. FOURTH AMENDMENT AND PROBABLE CAUSE

The Fourth Amendment to the United States Constitution establishes the right of the people to be secure in their persons against unreasonable seizures and states no warrants shall be issued except upon probable cause. U.S. Const. amend. IV. A warrantless arrest without probable cause violates the Constitution and forms the basis for a 42 U.S.C. § 1983 claim. Marx v. Gumbinner, 905 F.2d 1503, 1505 (11th Cir. 1990) (citations omitted). However, the existence of probable cause is a complete defense to a claim of false arrest. Id. at 1505-06; see also Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989). As the Eleventh Circuit stated in Marx:

> "Probable cause [to arrest] exists where 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Brinegar v. United States, 338 U.S. 160, 175-76, 69 S. Ct. 1302, 1310-11, 93 L. Ed. 1879 (1949)* (brackets in original) (citing *Carroll v. United States, 267 U.S. 132, 162, 45 S. Ct. 280, 288, 69 L. Ed. 543 (1925))*; *Wilson v. Attaway, 757 F.2d 1227, 1235 (11th Cir. 1985)*. Probable cause does not require overwhelmingly convincing evidence, but only "reasonably trustworthy information," *Beck v. Ohio, 379 U.S. 89, 91, 85 S. Ct. 223, 225, 13 L. Ed. 2d 142 (1964)*, and probable cause "must be judged not with clinical detachment but with a common sense view to the realities of normal life." *Wilson, 757 F.2d at 1235*. When the facts are not in dispute, whether probable cause existed is a question of law, and summary judgment is appropriate. *See White v. Pierce County, 797*

4

> *F.2d 812, 815 (9th Cir. 1986)*; *Wille v. Raymond*, 487 So.2d 1211, 1214 (Fla.App. 1986).

Id. at 1506.

The subsequent acquittal of the arrested person or the dropping of the charges against her have no bearing on the validity of the arrest. Id. at 1507. In addition, allowance must be made for reasonable mistakes on the part of an arresting officer acting on facts leading reasonably to his conclusions of probability. Id. When considering a qualified immunity defense, an officer does not need to have had actual probable cause for the arrest, but is protected from liability if he had an arguable probability. See Madiwale v. Savaiko, 117 F.3d 1321, 1324 (11th Cir. 1997) (citing Von Stein v. Brescher, 904 F.2d 572, 579 (11th Cir. 1990)). The test becomes whether a reasonable officer in the same circumstances and possessing the same knowledge as the arresting officer could have believed that probable cause existed. Madiwale, 117 F.3d at 1324. Furthermore, if the officer had probable cause or arguable probable cause for one of the charges made, the arrest is valid as to the other charges and he is entitled to qualified immunity. See Devenpeck v. Alford, 543 U.S. 146, 153, 125 S. Ct. 588, 594, 160 L. Ed. 2d 537 (2004). In fact, the Fourth Amendment is not violated if the officer's subjective reason for making the arrest is not the criminal offense for which the known facts provide probable cause. See id.

### III. FOURTEENTH AMENDMENT AND PROBABLE CAUSE

Presumably, Parker's Fourteenth Amendment claim against Officer Reveille is for false imprisonment, alleging an unconstitutional deprivation of liberty without due

5

process, based on the allegedly false arrest. See Case v. Eslinger, 555 F.3d 1317, 1330 (11th Cir. 2009) (citing Ortega v. Christian, 85 F.3d 1521, 1527 (11th Cir. 1996)). However, probable cause or arguable probable cause is a bar to a § 1983 false imprisonment claim just as it is to a false arrest claim. See Case, 555 F.3d at 1330.

## IV. QUALIFIED IMMUNITY

Qualified immunity offers complete protection from suit for a law enforcement officer sued in his individual capacity, if his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982). It applies regardless of whether, if the officer made an error, that error was the result of a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. See Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009) (citations omitted). Once it is established the officer was within the course and scope of his discretionary authority, the burden of proof shifts to the plaintiff to show the defense is not appropriate. Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). The United States Supreme Court has set out a two-part qualified immunity analysis process in Saucier v. Katz, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001), which may be applied in whatever order is most appropriate for the case, Pearson, 129 S. Ct. at 818.

One of the Saucier inquiries is whether, if the plaintiff's allegations are true, there has been a constitutional violation. Saucier, 533 U.S. at 201, 121 S. Ct. at 2156. If the court determines no violation occurred, no further inquiry is necessary. Id.  The other inquiry is whether, if a violation could be found on a favorable view of the plaintiff's

6

submissions, the right was clearly established in the specific context of the case. Id. In the case at bar, the arrest of Parker was within Officer Reveille's discretionary authority, so the burden of proof shifts to Parker to show that qualified immunity is not applicable. See Crosby v. Monroe Cnty., 394 F.3d 1328, 1332 (11th Cir. 2004); Kesinger v. Herrington, 381 F.3d 1243, 1248 (11th Cir. 2004); Lee, 284 F.3d at 1194.

### V. SUMMARY JUDGMENT SHOULD BE ENTERED FOR OFFICER REVEILLE ON THE BASIS OF QUALIFIED IMMUNITY

Parker's Complaint admits she was arrested by Officer Reveille of the Gainesville Police Department on September 13, 2007, and charged with (1) driving while license suspended, and (2) resisting arrest without violence. (Doc. 2, ¶ 11.) The Complaint alleges that when she returned to her residence in her vehicle, in response to a request from Officer Reveille, who was investigating a noise complaint, she was seated in the front passenger seat. (Doc. 2, ¶ 13.) Thus, she claims no probable cause or arguable probable cause existed for her arrest. (Doc. 2, ¶¶ 20-21.) Her § 1983 claim against Officer Reveille for "false arrest and imprisonment" is contained in Count I of the Complaint. (Doc. 2, ¶¶ 29-33.)

Officer Reveille's sworn Arrest Affidavit, prepared in the regular course of business, states that he observed Parker driving her vehicle when it approached her house, where he had been dispatched about 2:15 a.m. in response to an excessive noise complaint. He saw her park the vehicle in the driveway and exit from the front driver's seat. When she produced a Florida Identification Card, he discovered through a computer check that her driver's license was suspended, and told her she was under arrest. (Exh. 2.) An additional affidavit of Officer Reveille, dated February 23, 2011, attesting to these

7

events and to what he observed that evening is also included in the exhibits attached hereto. (Exh. 3, ¶¶ 4-6.)

When Officer Reveille attempted to detain Parker while he confirmed that information by teletype, she became agitated and began to struggle. He ordered her not to resist and to place her hands behind her back for handcuffing. She refused, and continued to struggle by pulling her arms away from the officer and placing them in front of her. After struggling for several minutes (during which a friend of Parker attempted to interfere), Officer Reveille got Parker rear handcuffed. Then, when he attempted to place her in the back seat of the patrol car, she refused to comply, even after being given verbal commands to stop resisting. It was necessary for the officer to physically place Parker in the patrol car. (Exh. 2; Exh. 3, ¶¶ 7-9.)

Excerpts from Parker's November 23, 2010, deposition are attached as Exhibit 4. In that sworn testimony, Parker stated that prior to the arrest date of September 13, 2007, she had two DUI convictions and had been arrested for driving with a suspended license during the period between the DUI arrests. (Exh. 4, p. 5-13.) On the evening of September 13, 2007, after she got home from work, she was out with three friends when another friend, who was at her house, phoned and said a police officer was there regarding a noise violation and wanted her to come meet with him. About thirty minutes later, she and her friends arrived at her house, after stopping off on the way so one of the friends could pick up some clothes for work the next day. Parker stated that a friend, "Charlie," who had a cast on his broken left arm, was driving her vehicle. She said she was seated in the rear seat on the driver's side. When they arrived at her house, the

8

officer was parked in front of the house. Parker testified she exited the vehicle from the back door of the vehicle and walked to the house. Officer Reveille requested her driver's license, and she went into the house and got her state identification card. (Exh. 4, p. 28-29, 33-36, 120-122.)

Parker said the officer took the identification card to his patrol car and sat inside it checking her name and information. He then came back to her and said to turn around and put her hands behind her back, that she was under arrest. Parker said she asked him what she was being arrested for and pulled her hands away. He said for driving on a suspended license. She argued with the officer, telling him she was not driving the vehicle, that Charlie was driving, and she pointed at Charlie. She was arrested, handcuffed, and taken to jail, where she was incarcerated overnight. (Exh. 4, p. 39-41, 46-47, 55-56 .)[1]

Officer Reveille is not arguing there is no dispute regarding whether Parker was driving the vehicle when she returned to her residence that evening. However, under the circumstances of this case, that question is not one of a material fact. See Liberty Lobby, Inc., 477 U.S. at 247-28, 106 S. Ct. at 2510. The case turns on whether Officer Reveille had probable cause or arguable probable cause to arrest Parker, and qualified immunity from this lawsuit is available to Officer Reveille on at least two bases.

First, Officer Reveille's Arrest Affidavit and his affidavit in support of the Motion for Summary Judgment both aver that he saw Parker driving the vehicle and saw her get out of the driver's seat. When he ran her identification card through the computer and

---

[1] The deposition of Charles Haines, whom Parker claimed was driving her vehicle, was not taken in the case.

saw that her license was suspended, it was objectively reasonable for him to conclude he had probable cause to arrest her on the charge of driving with license suspended. No evidence suggests that Officer Reveille did not possess the belief that he saw Parker driving the vehicle. See German v. Sosa, 2010 U.S. App. LEXIS 21026, *5, *7 (11th Cir. Oct. 12, 2010) (officer believed he saw cannabis in the suspect's mouth that he was chewing and swallowing to destroy evidence). For Officer Reveille, his observation was "reasonably trustworthy" information to consider in determining if probable cause existed. See Brinegar v. U.S., 338 U.S. 160, 175-76, 69 S. Ct. 1302, 1310-11, 93 L. Ed. 1879 (1949). Great deference is given to the judgment of a trained law enforcement officer on the scene. See Saucier, 533 U.S. at 205-06, 121 S. Ct. at 2158.

In addition, Parker's allegations on this point are contradictory. The Complaint states she was in the front passenger seat, yet she testified at deposition she was in the back seat on the driver's side and got out of that car door. (Exh. 4, p. 33, 121.)   These conflicting allegations should relieve the Court of its obligation to take her assertions as true on a motion for summary judgment. See Evans v. Stephens, 407 F.3d 1272, 1278 (11th Cir. 2005) (en banc) (when reading the record in the nonmovant's favor on a motion for summary judgment, the court owes the nonmovant no duty to disbelieve her sworn testimony in the case); Fernandez v. Metro Dade Police Dep't, 2010 U.S. App. LEXIS 16505, *4 (11th Cir. Aug. 6, 2010) (court may only draw inferences in the nonmovant's favor to the extent they are supportable by the record) (citing Scott v. Harris, 550 U.S. 371, 381 n.8, 127 S. Ct. 1769, 1776 n.8, 167 L. Ed. 2d 686 (2007).

If an officer may base probable cause on the observations of an eyewitness, it stands to reason he may certainly base it on his own observations. As pointed out by the court in Sheik-Abdi v. McClellan, a Seventh Circuit case in which eyewitnesses reported they saw the plaintiff strike his wife: whether he struck his wife was not material to the determination of probable cause. Sheik-Abdi v. McClellan, 37 F.3d 1240, 1247 (7th Cir. 1994), cert. denied, 513 U.S. 1128, 115 S. Ct. 937, 130 L. Ed. 2d 882 (1995). Rather, the test is an objective one, and it is "what the police know, not whether they know the truth, that matters." Id. (quoting Gramenos v. Jewel Companies, Inc., 797 F.2d 432, 439 (7th Cir. 1986), cert. denied, 481 U.S. 1028, 107 S. Ct. 1952, 95 L. Ed. 2d 525 (1987).

Even if Officer Reveille was mistaken in his observation, which he is not conceding, his belief that Parker was driving was reasonable under the circumstances of this case. See U.S. v. Gonzalez, 969 F.2d 999, 1005-06 (11th Cir. 1992) (officer's mistaken belief of fact can properly contribute to a probable cause determination and can count just as much as a correct belief as long as mistaken belief was reasonable in light of the circumstances).² The events occurred outside Parker's house in the early morning hours and she stated in deposition that she exited the car from the back seat on the driver's side. Officer Reveille, who was in front of her house, believed he saw her drive up to the house and exit the vehicle from the driver's door. Thus, he had arguable probable cause if an officer on the scene making the same reasonable observation and then checking the status of Parker's driver's license could reasonably have believed he

---

² See also Illinois v. Rodriguez, 497 U.S. 177, 185, 110 S. Ct. 2793, 2800, 111 L. Ed. 2d 148 (1990) (an officer's mistaken belief is not necessarily unreasonable; the many factual determinations regularly made by officers do not always have to be correct, just reasonable).

had probable cause for the arrest. See Madiwale, 117 F.3d at 1324; Pearson, 129 S. Ct. at 815. "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." Hunter v. Bryant, 502 U.S. 224, 227, 112 S. Ct. 534, 536, 116 L. Ed. 2d 589 (1991).

Because Officer Reveille had probable cause or arguable probable cause for the charge, there was no Fourth Amendment violation, and qualified immunity applies. See Saucier, 533 U.S. at 201, 121 S. Ct. at 2156. Probable cause also bars the Fourteenth Amendment false imprisonment allegation, and Officer Reveille is entitled to qualified immunity on that claim. See Case, 555 F.3d at 1330.

The second basis for qualified immunity is attributable to Officer Reveille's affidavits and Parker's own deposition testimony showing that she pulled her hands away and resisted the handcuffing, and also argued with the officer. There is no dispute about these actions, which gave Officer Reveille probable cause for the charge of resisting an officer without violence.  When an officer has probable cause for one of the charges made, that is sufficient for an arrest, even if there is a question about probable cause for other charges. See Devenpeck, 543 U.S. at 153, 125 S. Ct. at 594; Lee, 284 F.3d at 1196 Durruthy v. Pastor, 351 F.3d 1080, 1089 n.6 (11th Cir. 2003), cert. denied, 543 U.S. 917, 125 S. Ct. 45, 160 L. Ed. 2d 201 (2004).

Florida Statute 843.02, pursuant to which this charge was made, provides that a person resisting, obstructing, or opposing an officer in the execution of any legal duty without doing violence to the officer's person is guilty of a first degree misdemeanor. § 843.02 Fla. Stat. (2007).  To support a charge under that statute, the state must prove (1)

the officer was engaged in the lawful execution of a legal duty, and (2) the defendant's action constituted obstruction or resistance of the lawful duty. See Slydell v. State, 792 So. 2d 667, 671 (Fla. 4th DCA 2001).

Clearly, investigating the excessive noise complaint was a legal duty of Officer Reveille. See Ruizdelatorre v. City of Miami Beach, 2008 U.S. Dist. LEXIS 116922, *26 (S.D. Fla. Dec. 22, 2008) (legal duty prong of § 843.02 satisfied where officers were investigating a neighbor's noise complaint); Sullivan v. City of Pembroke Pines, 161 Fed. Appx. 906, 909 (11th Cir. Jan. 12, 2006) (officer performing a legal duty where he was investigating a domestic disturbance complaint). The statute does not require that the officer be attempting to arrest a suspect. See Zivojinovich v. Barner, 525 F.3d 1059, 1071 (11th Cir. 2008) (citing Jacobson v. State, 476 So. 2d 1282, 1287 (Fla. 1985).

Refusing to cooperate with an officer's handcuffing efforts is "resisting" under § 843.02. See Williams v. City of Daytona Beach, 2006 U.S. Dist. LEXIS 5766, *36 (M.D. Fla. Feb. 15, 2006) (failing to present one's hands for handcuffing is sufficient evidence to establish probable cause for a resisting without violence charge) (citing Savage v. State, 494 So. 2d 274, 277 (Fla. 2d DCA 1986) (one can resist, obstruct, or oppose an officer without committing a battery by refusing to present one's hands for handcuffing, refusing to put one's hands behind one's back, or refusing to get in a patrol car), review denied, 506 So. 2d 1043 (Fla. 1987). No genuine issue of material fact exists regarding the establishment of the elements of this offense, for which Officer Reveille arrested Parker, and he had probable cause.

As previously discussed, probable cause is a complete defense to both false arrest and false imprisonment. Because Officer Reveille had probable cause to arrest Parker on the resisting charge, there was no Fourth or Fourteenth Amendment violation and he is entitled to qualified immunity. See Saucier, 533 U.S. at 201, 121 S. Ct. at 2156.

The probable cause or arguable probable cause for either charge on which Parker was arrested is sufficient to resist a Fourth or Fourteenth Amendment challenge to the remaining charge. Since Officer Reveille did not violate Parker's constitutional rights, that prong of the Saucier qualified immunity inquiry is satisfied, and it is unnecessary to inquire whether there was existing law addressing these specific circumstances which would have given Officer Reveille notice that his actions would violate her rights. Furthermore, it is doubtful that existing law would have advised him he did not have probable cause for either of the charges for which she was arrested.

Parker's Complaint, particularly in the two counts against the Gainesville Police Department, attempts to create an inference some issue exists in the case because of unprofessional behavior by Officer Reveille. However, the probable cause inquiry is an objective one, and the arresting officer's motivations are irrelevant. See Rushing v. Parker, 599 F.3d 1263, 1266 (11th Cir. 2010). Moreover, at her deposition, Parker testified that she saw Officer Reveille on several other occasions when he was on duty, besides the evening of her arrest. Although asked repeatedly, she testified that he never engaged in what she considered to be unprofessional or improper behavior on that evening or at any other time. (Exh. 4, p. 54, 60-61, 64-65, 67-69, 71-72.) This is a non-issue with no bearing on the claims against the officer.

## VI.  CONCLUSION

Officer Reveille had probable cause or arguable probable cause for the charges on which he arrested the Plaintiff, Taylor Parker. That constitutes a complete defense to the claims of false arrest and false imprisonment. Under those circumstances, there was no violation of Parker's Fourth or Fourteenth Amendment rights, and a summary judgment should be entered by the Court in his favor, based on qualified immunity.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **February 23, 2011**, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will send notice of electronic filing to the following:  Robert A. Rush and John W. Jolly, Jr. I further certify that I sent the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/EMF system participants.  N/A.

**Linda L. Winchenbach**
Florida Bar No. 0749249
John M. Green, Jr., P.A.
125 N.E. First Ave., Ste. 2
Ocala, Florida 34470
Tel: (352) 732-9252
Fax: (888) 545-7282 – Toll Free
lwinchenbach@jgreenattorney.com
Attorneys for Defendant, David Reveille, in his individual capacity