IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TAYLOR PARKER

     Plaintiff,

vs.                   CASE NO.: 1:10-cv-00146-SPM -GRJ

THE CITY OF GAINESVILLE, FLORIDA
a municipal corporation, and OFFICER
DAVID REVEILLE, in his individual capacity,

     Defendants.
_____/

### DEFENDANT CITY OF GAINESVILLE'S
### MOTION FOR SUMMARY FINAL JUDGMENT
### (CASE DISPOSITIVE MOTION)

Defendant, City of Gainesville, Florida, a municipal corporation, by and through its undersigned attorneys, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and in the manner required by Local Rule 56.1, moves for the entry of Summary Final Judgment. There are, for the purposes of this motion, no material disputed facts. On those undisputed material facts, City is entitled to judgment as a matter of law. It so moves.

Defendant City incorporates herewith as if fully set forth herein the "Statement of Material Facts in Support of Motion for Summary Judgment of Defendant Reveille" and "Motion for Summary Judgment of the Defendant David Reveille and Memorandum of Law."

### SUPPLEMENTAL
### LEGAL ARGUMENT

What remains to be adjudicated as to the City are Count II (Civil Rights) and Count III (State Law Claim for False Arrest and False Imprisonment.

Should Reveille be determined not to have violated the Constitution, the City of Gainesville is entitled to summary judgment as well as to Count II.  Whether a custom, policy or practice is behind behavior deemed not to violate the Constitution is beside the point and is nothing other than an abstract question for which there is no remaining case or controversy.  City of Los Angeles v. Heller, 475 U.S. 796 (1986), McCormick v. City of Fort Lauderdale, 333 F.3d 1231 (11th Cir. 2003), Krueger v. Bell, 2005 WL 2877467 (M.D. Fla. 2005).

**COUNT III**
**FALSE ARREST/FALSE IMPRISONMENT**
**(CITY OF GAINESVILLE)**

Count III is a claim arising solely under state law.  Should judgment be entered on all federal claims there will be no independent basis for the exercise of federal jurisdiction.  However, where federal jurisdiction exists elsewhere, Title 28 U.S.C. §1367, allows the court to exercise supplemental jurisdiction over the state law claim.  However, Title 28 U.S.C. §1367(c)(3) provides:

> *"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - -*
>
> *(2) the district court has dismissed all claims over which it has original jurisdiction."*

Defendant Reveille has shown that there was at least an arguable probable cause for the arrest of Ms. Parker.  It is appropriate to enter judgment for both Defendants on all three claims.  However, should the court rule that the claim is barred not because there was actual probable cause but merely arguable probable cause, then Count III might survive.

Whether to retain jurisdiction at this stage is a matter left to the sound exercise of the court's discretion.  Faucher v. Rodziewicz, 891 F.2d 864 (11th Cir. 1990).  However, that discretion is

exercised with a presumptive eye towards dismissal of remaining claims based on state law.  This circuit has emphasized that "if the federal claims are dismissed prior to trial, <u>Gibbs</u> strongly encourages or even requires dismissal of state claims." <u>L.A & Son v. Wheelabrator-Frye, Inc.</u>, 735 F.2d 414, 428 (11th Cir. 1984).  <u>Mergens v. Dreyfoos</u>, 166 F.3d 1114 (11th Cir. 1999).

<b>CONCLUSION</b>

**WHEREFORE,** Defendant City of Gainesville also moves for Summary Final Judgment.

Respectfully submitted,

**JOHN W. JOLLY, JR.**
Florida Bar No. 291961
**JOLLY & PETERSON, P.A.**
Post Office Box 37400
Tallahassee, Florida 32315
Tel:    (850) 422-0282
Fax:    (850) 422-1913

*Attorney for Defendant City of Gainesville*

<u><b>CERTIFICATE OF SERVICE</b></u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was furnished by U.S. Mail and/or CM/ECF Service to Robert A. Rush, Rush & Glassman, 11 S.E. Second Avenue, Gainesville, Florida 32601, John M. Green, Jr., and Linda L. Winchenbach, John M. Green, Jr., P.A., 125 N.E. First Avenue, Suite 2, Ocala, Florida 34470, this 24th day of February, 2011.

**JOHN W. JOLLY, JR.**